By the Court:
Both the plaintiff and the defendants claim a certain piece of property. The plaintiff brought suit to enjoin the defendants from entering and building upon the disputed ground, and asked that its title be quieted. The defendants answered and also asked to have their title quieted against the plaintiff. The circuit court having decided against the plaintiff on appeal, within four months from the rendition of the judgment complained of a petition in error was filed in this court to reverse the judgment of the circuit court. It does not appear, either in the pleadings or record of the case that the case is one which involves more than three hundred dollars exclusive of interest and costs. A motion having been made by the defendants to dismiss the petition in error for want of jurisdiction, and more than four months having elapsed since the rendition of the judgment which is sought to be reversed, the plaintiff now moves for leave to amend its petition in error, and presents with the motion an amendment, duly verified, setting forth that the value of the real estate, the title to which is involved in this action, exceeds three hundred dollars, and that in the judgment sought to be reversed in this case is involved, exclusive of interest and costs, the sum or value of more than three hundred dollars. We think that the amendment should be permitted. It comes within the general power of amendment conferred by section 5114 of the Revised Statutes. The amendment differs from the amendments made and proposed in the cases cited for the defendants, in this, that it does not set forth a new and distinct allegation of error, or cause for reversal; but merely supplies a material allegation of fact affect *403 ing the jurisdiction of the case, not of the subject matter thereof. Application of this principle was made in Piatt v. Sinton, 35 Ohio St., 282, and Bowen v. Bowen et al., 36 Ohio St., 312.

Motion allowed.

Minshall, O. J., Williams, Spear, Davis and Shauck, JJ., concur.